IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Michael Veach and | § | CASE NO. 19-31275 |
| Carla Veach | § | Chapter 7 |
| | § | |
| DEBTORS | § | |

**CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY BK GLOBAL REAL ESTATE SERVICES PURSUANT TO 11 U.S.C. §§ 327 AND 328 (a) TO LIST REAL PROPERTY FOR SALE**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY OF THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

A HEARING IS SCHEDULED ON THIS MATTER FOR THE 18TH DAY OF JUNE, 2019 AT 11:00 AM IN COURTROOM 403, 515 RUSK, HOUSTON, TX 77002.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Randy W. Williams, chapter 7 Trustee of the above captioned estate (the "Trustee") files this *Application to Employ BK Global Real Estate Services Pursuant to 11 U.S.C. § 327 to List Real Property for Sale* (the "Application") and states as follows:

**RELIEF REQUESTED**

1.      The Trustee seeks and order to employ BK Global Real Estate Services ("BK Global") to list for sale of the Real Property (as more specifically identified below).

**RELEVANT BACKGROUND**

2.      Randy Williams, is the duly qualified and acting chapter 7 Trustee of the bankruptcy estate of Michael Veach and Carla Veach.

3.      An asset of the bankruptcy estate is real property located at 8615 CAPE ROYAL DR CYPRESS, TX 77433, and which is further described as follows:

**Parcel Number**: 1297610010017

**Tax ID**: 129-761-001-0017

**Census Tract**: 482015430.011104

Carrier Route: R061

**Abbreviated Description**: LT 17 BLK 1 CANYON LAKES WEST SEC 2 MAP REF:MAP 4563C

(the "Real Property").

4.      The Debtors listed the Real Property on their schedules as having a value of $353,085.00. *See* Dkt. No. 16, Schedule A/B.

5.      The Debtors listed the following encumbrances (the "Secured Claims") on the Real Property:

  a. First Mortgage: Wells Fargo Home Mortgage in the amount of $263,405.00; and

   b. Second Mortgage: Primeway Federal Credit Union in the amount of $30,007.00

   *See* Dkt. No. 16, Schedule D.

6.   The Debtors have not declared the Real Property as exempt. See Dkt. No. 16, Schedule C.

7.   Based upon the scheduled value and Secured Claims related to the Real Property provided by the Debtors, there is no equity in the Real Property.

**BASIS FOR RELIEF REQUESTED**

8.   The Handbook for Chapter 7 Trustees published by the Executive Office of the United States Trustee, states on pages 4 – 14 under Section 9 "Sales of Assets" (a) General Standards "A trustee may sell assets only if the sale will result in a meaningful distribution to creditors. The Section further states "the trustee may seek a "carve-out" from a secured creditor and sell the property at issue if the "carve-out" will result in a meaningful distribution to creditors. Further, the Section states "The trustee must also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset."

9.   BK Global has expertise and experience in assisting trustees in negotiating with secured creditors to facilitate the sale of real property for the benefit of creditors. BK Global proposes to provide the following services (the "<u>Services</u>") to the Trustee:

  i. List the Real Property for sale to obtain offers for the Trustee, whereby if the Trustee accepts an offer, the Real Property may be sold pursuant to 11 U.S.C. § 363;

  ii. Obtain the release and waiver of all secured claims against the estate with respect to the Real Property (including any deficiency claims resulting from the proposed sale);

  iii. Work with the secured mortgage holder(s) to enter into an agreement for an 11 U.S.C. § 506 surcharge to pay all of the closing expenses associated with a § 363 sale, including the payment of a six percent (6%) real estate brokerage commission and

        reimbursement of their out-of-pocket expenses to BK Global and any associated real estate professional, paid from the proceeds of the sale, and provide a meaningful carve out for the benefit of allowed unsecured creditors of the Debtors' estate; and

      iv.    Make certain the amount of the carve out is clearly set out in the motion to sell the Real Property pursuant to 11 U.S.C. § 363.

10. BK Global will list the Real Property and assist the Chapter 7 Trustee in negotiations with the mortgage holder(s) to obtain the consent of the mortgage holder(s) for the sale of the Real Property. A carve out from the sale proceeds of the Real Property for the payment of closing cost, including a six percent (6%) real estate commission to BK Global and any associated real estate professional, and a carve out from the sale proceeds, such amount for the benefit of unsecured creditors of the bankruptcy estate, which will result in a meaningful distribution to the creditors, and upon a successful resolution with the secured creditor, approval of the settlement terms and conditions will be sought in connection with a Motion to approve the sale of the Real Property.

11. **Compensation**. BK Global will receive a six percent (6%) real estate brokerage commission and reimbursement of their out-of-pocket expenses associated with the sale of the Real Property. BK Global will not be entitled to any fees if the Court does not grant the motion to approve the sale of the Real Property.

12. In no event will the bankruptcy estate have any obligation to pay BK Global or associated real estate professional for their services, or to pay the customary title and closing services. The terms of the listing agreement and this Application provide that BK Global and listing agent are only entitled to payment if and when (a) a motion to approve sale is granted and (b) the sale of the Real Property closes, in which event BK Global and listing agent will receive a six percent (6%) real estate brokerage commission and obtain reimbursement of any out-of-pocket expenses.

13. The Trustee believes that the highest and best value for the Real Property will be generated through a sale in which the Real Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtors' bankruptcy estate but can only be achieved if the Secured Creditor's consent is first obtained. The Chapter 7 Trustee believes that retaining BK Global and/or an associated real estate professional to obtain the Secured Creditor's consent is in the best interest of the Debtors' bankruptcy estate.

14. The Trustee submits that the terms of employment and compensation as set out in this application and the listing agreement, attached as **Exhibit A**, are reasonable in light of the extensive experience of BK Global and any associated real estate professional, and the nature of the services they provide.

15. BK Global attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as **Exhibit B** is an Affidavit of Disinterestedness of BK Global. BK Global also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than listing agent or a buyer's agent, if applicable.

WHEREFORE, based upon the foregoing, the Chapter 7 trustee seeks the Court's authority to retain BK Global in this case and requests that the Court approve the retention of BK Global on the terms, including but not limited to compensation arrangement, set forth in the listing agreement and this application, pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code; and for such other and further relief as the Court determines is appropriate.

Dated:  May 16, 2019

Respectfully submitted,

/s/ *Randy W. Williams*
Randy W. Williams, Trustee
7924 Broadway, Ste 104
Pearland, TX  77581
(281) 884-9262
rww@bymanlaw.com

**CHAPTER 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing was served on the Debtors, Debtors' attorney, U.S. Trustee and all creditors and parties requesting notice by first class U.S. mail, postage prepaid, on this the 16th day of May, 2019 unless served via ECF at the time of electronic filing.

*/s/ Randy W. Williams*
Randy W. Williams